AO 243 (Rev. 2/95)

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District **For The District of Guam** |
|---|---|

| Name of Movant **Frankie Peter Comacho** | Prisoner No. **02206-093** | Case No. **CV 05-00005** CR 0?-000?0-001 |
|---|---|---|

Place of Confinement **Taft Correctional Institution, 1500 Cadet Road, Taft, Ca. 93268**

FILED
DISTRICT COURT OF GUAM
FEB - 2 2005
MARY L.M. MORAN
CLERK OF COURT

UNITED STATES OF AMERICA  v.  FRANKIE PETER COMACHO
(name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack **United States District Court for the District of Guam.**

2. Date of judgment of conviction **February 6, 2002**

3. Length of sentence **96 months**

4. Nature of offense involved (all counts) **Importation of Crystal Methamphetamine aka "Ice", as to Count One, and Possession With Intent to Distribute Crystal Methamphetamine aka "Ice", as to Count Two.**

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: **The defendant pled guilty to Count One of the Indictment, pursuant to a plea agreement filed on October 16, 2001.**

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐   No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☐   No ☒

9. If you did appeal, answer the following:

   (a) Name of court

   (b) Result

   (c) Date of result

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?
    Yes ☐   No ☒

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court

       (2) Nature of proceeding

       (3) Grounds raised

       (4) Did you receive an evidentiary hearing on your petition, application or motion?
           Yes ☐   No ☐

       (5) Result

       (6) Date of result

    (b) As to any second petition, application or motion give the same information:

       (1) Name of court

       (2) Name of proceeding

       (3) Grounds raised

(3)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

(5) Result

(6) Date of result

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc. Yes ☐ No ☐
(2) Second petition, etc. Yes ☐ No ☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.
Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of these grounds.
(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: The Defendant Pleaded Guilty and Was Convicted and Sentenced Under An Offense Which Is Non-Existent in the Federal Criminal Statutes.

Supporting FACTS (state *briefly* without citing cases or law): Paragraph 5 of the plea agreement, states that the defendant arrived at Antonio B. Won Pat International Airport in the Territory of Guam via Continental Micronesian Flight 001 from Honolulu, Hawaii. Approximately 151.1 grams of a substance testing presumptively positive for methamphetamine was found in the soles of the defendant's shoes during a pat down of Customs Agents. These stipulations do not reflect that the defendant imported the substance in question from outside United States Territory, since the aircraft departed from Honolulu and did not make any other stops outside of the territories of the United States prior to landing in Guam. A guilty plea to an offense not within the plain language of a Federal Criminal Statute is invalid, and the associated conviction must be reversed in order to uphold the rudimentary demands of justice. (See Attached Memorandum For More).

B. Ground two:

Supporting FACTS (state *briefly* without citing cases or law):

C. Ground three:

Supporting FACTS (state *briefly* without citing cases or law):

D. Ground four:

Supporting FACTS (state *briefly* without citing cases or law):

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: At the time of the entry of the judgment, and prior to June 6, 2003, the issue raised in this ground for relief was foreclosed by existing precedents in the Ninth Circuit. Prior to June 6, 2003, all that was necessary to obtain a conviction for "importation" of a controlled substance within the meaning of 21 U.S.C. § 952(a), was for the government to prove that the controlled substance in question was transported through international waters or airspace. However, after June 6, 2003, the law of the Ninth Circuit changed to the degree of holding that the transport of a controlled substance through international airspace on a nonstop light from one United States location to another, does not constitute "importation."

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
    Yes ☐   No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    (a) At preliminary hearing Robert E. Hartsock, Federal Public Defender, First Hawaiian Bank Building, 400 Route 8, Suite 310, Mongmong, Guam 96927.

    (b) At arraignment and plea Robert E. Hartsock, Federal Public Defender, First Hawaiian Bank Building, 400 Route 8, Suite 310, Mongmong, Guam 96927.

    (c) At trial Non-Applicable.

    (d) At sentencing Robert E. Hartsock, Federal Public Defender, First Hawaiian Bank Building, 400 Route 8, Suite 310, Mongmong, Guam 96927.

    (e) On appeal   **Non-Applicable**

    (f) In any post-conviction proceeding   **Non-Applicable**

    (g) On appeal from any adverse ruling in a post-conviction proceeding   **Non-Applicable**

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
    Yes ☐    No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes ☐    No ☒

    (a) If so, give name and location of court which imposed sentence to be served in the future:

    (b) Give date and length of the above sentence:

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
    Yes ☐    No ☐

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

__January 25th, 2005__
    Date

_____
Signature of Movant